■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY LEOTTA, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Scheinman, J.), rendered May 29, 1981, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant was apprehended in Suffolk County driving a stolen 18-forward-gear Mack truck from the scene of an accident. The truck had been stolen in Queens County the preceding day, and defendant's possession was unexplained. Defendant contends that the evidence was insufficient to establish beyond a reasonable doubt that he knew the truck was stolen. We disagree.

We find that defendant's flight from the scene of an accident, in addition to the nature of the stolen property, "provides a reliable basis" for application of the common-law rule that the exclusive possession of the fruits of a recent crime, if unexplained, permits an inference of guilt (*People v Sim,* 53 AD2d 992, 993, affd 44 NY2d 758). Under the rule, evidence of possession of recently stolen property, if unexplained or falsely explained, is sufficient to establish a prima facie case and to enable a jury to find guilt beyond a reasonable doubt (*People v Baskerville,* 60 NY2d 374, 382). The rule may be employed to establish guilty knowledge as an element of criminal possession (see Richardson, Evidence [Prince, 10th ed], § 88; *Barnes v United States,* 412 US 837, 843-845; 1 CJI 9.80, p 554). We note that defendant presented no evidence whatever to rebut the inference.

Defendant's reliance of our holding in *People v Butler* (44 AD2d 423, affd 36 NY2d 990) is misplaced. There we stated that when the common-law inference is "conclusively" rebutted by the evidence, it may not thereafter be charged to the jury, but, "when the established facts present a reasonable basis for the application of the [common-law] inference, the rule not only may but should be charged" (*People v Butler, supra,* pp 428-429). Here, the facts presented a reasonable basis for application of the rule, and accordingly the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt.

We have considered defendant's other contentions, and find them to be either without merit or not preserved for appellate review. Mollen, P. J., Mangano, O'Connor and Lawrence, JJ., concur.