■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES V. MASONE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered May 7, 1984, convicting him of criminal possession of stolen property in the first degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Evidence concerning defendant's possession of stolen property not charged in the instant indictment was properly admitted at trial on the issue of defendant's intent. In contrast to crimes such as assault and robbery, the mere act of possessing stolen property is equivocal, and the underlying intent to benefit the

defendant "or a person other than an owner thereof or to impede the recovery by an owner" is not easily inferred (Penal Law §§ 165.45, 165.50; *cf. People v Dales,* 309 NY 97, 101; *People v Molineux,* 168 NY 264, 297-298). The intent to commit criminal possession of stolen property is "presumed" from knowing possession (Penal Law § 165.55 [1]), and, therefore, a defendant's knowledge that the property is stolen is directly probative of his intent. Here the defendant was charged in the indictment with possession of five electric mobile radios from a larger group stolen from the New York City Department of Transportation, as well as various items stolen from Buckingham Leather, Ltd. His taped conversations concerning disposition of the radios remaining after sale of the five mentioned in the indictment were probative of his knowledge that the entire group of radios, including those five, were stolen. The degree of probativeness of this evidence outweighed any potential for prejudice (*see, People v Ventimiglia,* 52 NY2d 350, 359-360). Defendant's statement to an undercover investigator that the coat he was wearing was not from the Buckingham Leather burglary was also admissible on the same ground, to show that he knew the various items from Buckingham Leather, Ltd., were stolen.

We have considered defendant's remaining contentions, and find them to be without merit. Titone, J. P., Mangano, Weinstein and Kunzeman, JJ., concur.