■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAYTON MARCANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered May 25, 1982, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). We have considered the defendant's other contentions and find them to be without merit. Lawrence, J. P., Weinstein, Eiber and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MARTIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered December 9, 1983, convicting him of burglary in the

third degree, criminal possession of stolen property in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred when it denied his motion for a mistrial based on the prosecution's release of the allegedly stolen property to the owner in violation of Penal Law § 450.10. In an earlier appeal by a codefendant from his conviction after trial jointly with this defendant, this court ruled that the trial court acted properly in avoiding the drastic remedy of a mistrial. The court's remedial actions, which included the striking of testimony and submitting a lesser charge to the jury, eliminated any prejudice (see, People v Taylor, 128 AD2d 653).

We find that the evidence, although largely circumstantial, was of sufficient quantity and quality to prove the defendant's guilt beyond a reasonable doubt (see, People v Benzinger, 36 NY2d 29). The defendant was driving the van in which the stolen property was found shortly after the police received a call of suspicious activity at the burglarized premises, and he testified that he had allowed his codefendant Sam Taylor to load items into the van. The jury could reject the defendant's explanation that he was only helping to deliver these items to the police precinct. Upon the exercise of our factual review power we are satisfied that the defendant's guilt was established beyond a reasonable doubt and the verdict was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.