■ In the Matter of JERMAINE T., Also Known as JERMAINE B., a Person Alleged to be a Juvenile Delinquent, Appellant.— In two juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Kings County (Sparrow, J.), dated November 16, 1987, which, upon a fact-finding order of the same court, dated August 7, 1987, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree, on docket No. D-5873/87, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth, Title II, at an out-of-region facility for an indefinite period not to exceed 12 months, and subject to the continuation of placement at the discretion of the court, which brings up for review a fact-finding order dated August 7, 1987; and (2) an order of disposition of the same court (Schechter, J.), dated November 16, 1987, which, upon a fact-finding order of the same court, dated October 16, 1987, made upon the appellant's admission, finding that he had committed an act which if committed by an adult, would have constituted the crime of petit larceny, on docket No. D-10379/87, adjudged him to be a juvenile delinquent and on consent, placed him with the New York State Division for Youth, Title II, at an out-of-region facility, for a period of up to 12 months and subject to the further order of the court.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

With respect to docket No. D-5873/87, the appellant essentially contends that the complainant's testimony was incredible because it was physically impossible for the theft to have occurred as he described it. However, whether the incident could have physically occurred as the complainant described it was clearly a question of fact for the Family Court to initially determine. As we have repeatedly stated, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined

by the trier of facts, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see generally, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

In addition, we find that the Family Court's determination under docket No. D-5873/87 to place the appellant in an out-of-region Title II facility of the New York State Division for Youth was not an improvident exercise of discretion *(see generally, Matter of Katherine W.,* 62 NY2d 947, 948).

In light of our determination, we need not reach the other contention raised by the appellant with respect to the dispositional order under docket No. D-10379/87. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.