■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALISA R. MARGOLIS, as Law Guardian, on Behalf of CARLOS R., Respondent, v LEONARD G. DUNSTON, as Director of the New York State Executive Department, Division for Youth, Appellant.—Judgment, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered April 17, 1991, which granted the application of relator for a writ of habeas corpus and directed his immediate release, unanimously affirmed, without costs. This court's previously granted stay of enforcement of such judgment pending determination of appeal is hereby vacated.

Initially, in the circumstances herein, we reject appellant's argument that the petition for a writ of habeas corpus was improperly commenced, as direct appeal is available. Although Family Court Act § 365.1 (1) grants to relator the

general right of direct appeal from an order of disposition under Family Court Act article 3, it is long recognized that departure from traditional appeal proceedings and institution of habeas corpus proceedings, is permitted when dictated by reason of practicality and necessity in cases (such as this) where an individual stands uncharged of any crime and alleges illegal restraint of his liberty within the State *(see, e.g., People ex rel. Keitt v McMann,* 18 NY2d 257).

Turning to the merits of relator's application, it is clear that the IAS court properly granted the writ of habeas corpus and directed relator's immediate release, on the ground that the Family Court's three successive temporary extensions of the placement of relator with the Division for Youth, totaling 45 days beyond expiration of the then-current placement period, violated the express terms of Family Court Act § 355.3 (5). The unambiguous provisions of Family Court Act § 355.3 mandate the expiration of a placement, and thus the termination of Family Court jurisdiction, at the end of a valid placement term, unless an extension thereof is timely petitioned and granted after appropriate court hearing. Such determination must be made either before expiration of the then-current placement term, or within a non-renewable temporary extension of placement of up to 30 days, ordered upon good cause shown *(see,* Besharov, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, 1991 Pocket Part, Family Ct Act § 355.3; *see also, Matter of Salvatore A.,* 154 AD2d 930). Here, as the required hearing and determination were not accomplished within the statutory time period, Family Court lacked jurisdiction to order an extension of relator's placement, and the writ of habeas corpus was properly granted. Concur—Sullivan, J. P., Rosenberger, Kupferman, Smith and Rubin, JJ.