■ In the Matter of MACK M., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Sparrow, J.), dated September 12, 1990, which, upon a fact-finding order of the Supreme Court, Kings County (Beldock, J.), dated August 14, 1990, made after a jury trial conducted in the Supreme Court, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the second degree, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth, Title III, for a period of 18 months with the first six months in a residential facility.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the Family Court improvidently exercised its discretion by denying him credit for the 14-month period he remained in secure detention pending disposition of this matter. We disagree. As amended in 1987, Family Court Act § 353.3 (5) requires that the period of a juvenile's placement be reduced by the amount of time spent by him in detention pending disposition "unless the court finds that all or part of such credit would not serve the needs and best interests of the [appellant] or the need for protection of the community" (Family Ct Act § 353.3 [5]). Upon our review of the record, we find that the Family Court properly determined that an award of predetention credit would result in a period of placement of insufficient duration to serve the best interests of the appellant or to adequately protect the community. In this regard, we note that both the probation

officer assigned to the appellant's case and the Mental Health Services psychologist who examined him shortly before the dispositional hearing recommended that the appellant be placed in a structured and secure setting outside of the community, where he could continue to receive educational remediation and counseling. Accordingly, we decline to disturb the Family Court's dispositional order. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.