■ In the Matter of WAYNE S., a Person Alleged to be a Juvenile Delinquent, Appellant. [596 NYS2d 819] —Order, Family Court, New York County (George Jurow, J.), entered November 2, 1992, which granted the petition of the New York State Division for Youth to extend appellant's placement with the Division for Youth and, upon the parties' agreement, extended his placement for eight months, reversed, on the law, without costs or disbursements, and the motion denied.

On August 30, 1991, appellant first appeared in the Family Court on a juvenile delinquency petition charging him with having committed an act, which, if committed by an adult, would constitute criminal possession of a weapon in the fourth degree, and was remanded to a non-secure detention facility. On September 4, 1991, he admitted to the charge. He was continued on remand, and, on consent, a dispositional order placing him with the Division for Youth at St. Mary's Children and Family Services for a twelve-month period was entered. No finding was made at the time that diminishing

the period of placement by the time already spent on remand "would not serve the needs and best interests of [appellant] or the need for protection of the community" (Family Ct Act § 353.3 [5]). On August 28, 1992, the Division for Youth petitioned for an extension of placement, which appellant, through his Law Guardian, opposed as untimely under Family Court Act § 355.3 (1). The court granted the petition. We reverse.

Family Court Act § 355.3 (1) requires that a petition to extend the placement of a juvenile delinquent be filed "at least sixty days prior to the expiration of the period of placement, except for good cause shown." Failure to do so mandates dismissal of the petition. (Family Ct Act § 355.3 [2].) Pursuant to Family Court Act § 353.3 (5), the initial period of placement is to be "credited with and diminished by the amount of time spent by the respondent in detention prior to the commencement of the placement." The statutory intent is clear—to credit automatically the juvenile's period of place-ment with pre-order-of-disposition detention time. Absent a specific finding that such credit would not serve the interests of the juvenile or the community, the credit for time in pre-disposition detention automatically accrues. *(Cf., Matter of Mack M.,* 175 AD2d 869.) Since appellant's original placement was for twelve months and he had been in detention from August 30, 1991, his placement would have expired on August 29, 1992. Thus, in the absence of "good cause", as to which there had been no showing, the petition, not filed until August 28, 1992, was untimely and should have been dismissed. The failure to calculate correctly the expiration of a juvenile's period of placement cannot be considered good cause.

The argument that the Division for Youth, the petitioner in seeking an extension of placement and in whose custody appellant had been placed, was not responsible for calculating the period of placement is without merit. That the statute provides for the automatic accrual of the credit is to us the clearest indication that the calculation must be made by the Division for Youth, which is in the best position to know precisely how much time must be credited to someone in its custody. The failure to perform a routine calculation cannot constitute good cause. *(See, Matter of Changa W.,* 123 AD2d 435; *Matter of Susan F.,* 59 AD2d 783; *see also,* Sobie, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Fam-ily Ct Act § 355.3, at 575.) The argument that appellant should not be credited with the time he was absent without leave from the Division for Youth is not well taken. Since

appellant was absent from the Division for Youth facility for only three days prior to August 29, 1992 (August 17th to August 20th), the normal expiration date of his placement would have been September 1, 1992. The petition to extend placement was, as noted, filed on August 28, 1992, at least 57 days late.

A second ground on which to dismiss the petition to extend placement exists since the decision thereon was "not rendered within the period of placement or any temporary extension thereof" (Family Ct Act § 355.3 [5]). In all, two temporary extensions encompassing 45 days may be granted. *(Ibid.)* Once the original placement expires, the Family Court loses jurisdiction over the juvenile unless an extension is timely sought and the determination made before the expiration of placement or within the period of a temporary extension of placement. *(People ex rel. Margolis v Dunston,* 174 AD2d 516, 517, *lv denied* 79 NY2d 753.) Although the petition to extend placement was filed on August 28, 1992, appellant's placement was never extended. Thus, with no order in existence temporarily extending appellant's placement, the Family Court, on November 2, 1992, lacked the jurisdiction to extend his placement. Concur—Sullivan, J. P., Rosenberger and Asch, JJ.

Kupferman, J., dissents in a memorandum as follows: On August 30, 1991, a juvenile delinquency petition was filed against appellant charging him with having committed an act which, if he were an adult, would constitute the crime of criminal possession of a weapon in the fourth degree.

The appellant on that day was remanded to non-secure detention. On September 4th, the appellant admitted to committing the act involved. On October 30th, upon consent, the dispositional order placing the appellant with the Division for Youth was entered.

With respect to timeliness, in order for the petition to extend the placement to have been made "at least sixty days prior to the expiration of the period of placement, except for good cause shown" (Family Ct Act § 355.3 [1]), the choice is either the October 30th date or the August 30th date (to which several days have been added because of appellant's absence from placement). I do not take into consideration the absence of the appellant for the additional period when the appellant was AWOL from September 7, 1992 to October 10, 1992 (33 days).

What this Court has done in crediting the initial placement time to the appellant is to permit appellant to bootstrap the

applicable period so as to foreclose an otherwise appropriate petition.

It is one thing for the initial period of placement to be "credited with and diminished by the amount of time spent by the respondent in detention prior to the commencement of the placement" (Family Ct Act § 353.3 [5]). The appellant is clearly entitled to this. However, it is another thing to use that credit in order to interfere with the possibility of the State Division for Youth, which is in the best position to evaluate appellant's progress and needs, timely moving to extend such placement.

As to the Family Court's jurisdiction, it is undisputed that it was in appellant's best interests to extend the placement for eight months, and its order was issued within the period of placement as extended three days by appellant's absence. For this purpose, it should be October 30, 1991, the date of placement that applies and not, as the majority would have it, August 30, 1991.