■ In the Matter of STEPHANIE F., a Person Alleged to be a Juvenile Delinquent, Appellant. [599 NYS2d 1014] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Sparrow, J.), dated June 15, 1992, which, upon a fact-finding order of the same court dated March 30, 1992, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of grand larceny in the fourth degree, adjudged her to be a juvenile delinquent and placed her in the custody of the New York State Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated March 30, 1992.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presenting agency *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the fact-finding order. Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of facts, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88; *see also, Matter of Stafford B.,* 187 AD2d 649; *Matter of Jermaine T.,* 150 AD2d 702; *Matter of Michael D.,* 109 AD2d 633, *affd* 66 NY2d 843). Upon the

exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence *(cf.,* CPL 470.15 [5]). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.