■ In the Matter of HERIBERTO A., a Person Alleged to be a Juvenile Delinquent, Appellant. [604 NYS2d 89] —Order, Family Court, Bronx County (Richard Ross, J.), entered May 5, 1993, which granted the petition of the New York State Division for Youth to extend the respondent's placement with that agency and, upon the parties' agreement, extended his placement for a period of six months, reversed, on the law, and the petition is dismissed, without costs. Motion No. 5096 by the respondent to strike portions of petitioner's brief is granted.

After admitting that he committed an act which, if committed by an adult, would constitute unauthorized use of a motor vehicle in the third degree, the respondent was adjudicated a juvenile delinquent and placed with the New York State Division for Youth (DFY) for a period of twelve months. On April 15, 1993, DFY filed a petition for an extension of his placement, which was to terminate on May 11, 1993. The petition alleged that because of the respondent's "extremely poor adjustment in his community", his community care status should be revoked and he should be returned to a DFY residential program. On May 5, 1993, DFY requested a six month, rather than a twelve month extension based on its belief that a care worker could work with the respondent in community care rather than at a DFY facility.

The respondent's law guardian moved to dismiss the petition for failure to file it in accordance with the time provisions contained in Family Court Act § 355.3. A representative from DFY opposed, arguing that good cause existed to excuse the late filing since the respondent violated the conditions of his release into the community after he was released in January. He allegedly missed curfew, drove without a license and presented other behavioral problems.

The court denied the motion to dismiss the petition, concluding that good cause existed for the late filing. In light of this ruling, the respondent consented to a six month extension of placement.

Family Court erred in denying respondent's motion to dis-

miss the petition. Family Court Act § 355.3 (1) requires that a petition to extend placement be filed at least sixty days prior to the expiration of the period of placement, except for good cause shown. Subdivision (2) provides the "[i]f the petition is filed within sixty days prior to the expiration of the period of placement, the court shall first determine at [a hearing concerning the need for continuing placement] whether good cause has been shown. If good cause is not shown, the court shall dismiss the petition" (see, Matter of Wayne S., 193 AD2d 371; People ex rel. Margolis v Dunston, 174 AD2d 516, lv denied 79 NY2d 753).

The DFY representative's unsubstantiated hearsay statements to the court regarding the respondent's behavioral problems subsequent to his release from a DFY facility did not constitute good cause. He had been released from the facility in January of 1993. However, the petition to extend placement was not filed until April of that year. The community care worker did not appear in court and the representative from DFY who did appear did not provide the court with dates when the respondent's alleged problems in the community occurred. The record does not demonstrate that his behavioral problems occurred after March 12, 1993, when the petition to extend placement should have been filed.

Although the petitioner maintains that the respondent's behavioral problems occurred in March and April of 1993, and that therefore, good cause existed for the late filing, it cites a "Special Care Justification" form in support of its position. However, since this form was not part of the petition and was never entered into evidence, it is dehors the record.

The petition must also be dismissed for failure to conduct a hearing to determine whether good cause existed for the late filing (Family Ct Act § 355.3 [2]). Permitting a DFY representative to make an unsubstantiated statement to the court does not satisfy this requirement. Concur—Carro, J. P., Rosenberger and Ellerin, JJ.

Kassal, J., concurs in part and dissents in part in a memorandum as follows: While I agree with the majority that reversal is required insofar as the Family Court found that there was good cause for petitioner's late filing without affording respondent a "good cause" hearing pursuant to Family Court Act § 355.3 (2), rather than dismissing the petition, I would reverse and remand the matter for such a hearing. Although the unsubstantiated, hearsay statements of DFY's representative that respondent violated the terms of his re-

lease into the community after he was released in January 1993 were insufficient to establish good cause for petitioner's late filing, a hearing should be held to determine whether respondent's violations occurred within 60 days of the expiration of his one year placement, thereby establishing good cause for the late filing *(see, Matter of Susan F.,* 59 AD2d 783, 784).