■ In the Matter of MICHAEL B., a Person Alleged to be a Juvenile Delinquent, Appellant. [657 NYS2d 949] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Kings County (Cordova, J.), dated October 5, 1995, made after a hearing, which found that the respondent had committed acts which, if committed by an adult, would have constituted the crimes of criminal sale of a controlled substance in

the third degree, criminal sale of a controlled substance in the fifth degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, and (2) an order of disposition of the same court, entered November 28, 1995, which, upon the fact-finding order, adjudicated the respondent to be a juvenile delinquent, and placed him on probation for a period of two years.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The issues raised on the appeal from the fact-finding order have been brought up for review and have been considered on the appeal from the order of disposition. Viewing the evidence in the light most favorable to the prosecution (*cf., People v Contes*, 60 NY2d 620), we find that it was legally sufficient to support the fact-finding order. Furthermore, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf., People v Gaimari*, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Stephanie F.*, 194 AD2d 789; *Matter of Stafford B.*, 187 AD2d 649). Upon the exercise of our factual review power, we are satisfied that the finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in the fifth degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree was not against the weight of the evidence (*cf.*, CPL 470.15 [5]).

The appellant's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.