■ In the Matter of Anthony G., a Person Alleged to be a Juvenile Delinquent, Appellant. [667 NYS2d 915] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Fitzmaurice, J.), dated January 23, 1997, which, upon a fact-finding order of the same court dated December 3, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of sodomy in the first degree (two counts) and sexual abuse in the first degree (two counts), adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated December 3, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*cf., People v Contes,* 60 NY2d 620; *see, Matter of Stephanie F.,* 194 AD2d 789), we find that it was legally sufficient to support the fact-finding order. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf., People*

*v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf., People v Garafolo,* 44 AD2d 86, 88; *see, Matter of Stephanie F., supra).* Moreover, upon the exercise of our factual review power, we find that the findings of fact were not against the weight of the evidence (*cf., People v Bleakley,* 69 NY2d 490; CPL 470.15 [5]). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.