■ In the Matter of RICARDO R., a Person Alleged to be a Juvenile Delinquent, Appellant. [667 NYS2d 951] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Freeman, J.), dated December 19, 1996, which, upon a fact-finding order of the same court, dated October 22, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period not to exceed 18 months. The appeal brings up for review the fact-finding order dated October 22, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presenting agency (*cf., People v Contes*, 60 NY2d 620), we find that it was legally sufficient to support the fact-finding order. Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf., People v Gaimari*, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf., People v Garafolo*, 44 AD2d 86, 88; *see also, Matter of Stephanie F.*, 194 AD2d 789; *Matter of Nikkia C.*, 187 AD2d 581). Upon the exercise of our factual review power, we are satisfied that the finding that the appellant had committed acts, which, if committed by an adult would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen

property in the fifth degree was not against the weight of the evidence (*cf.*, CPL 470.15 [5]). Bracken, J. P., Rosenblatt, Ritter and Friedmann, JJ., concur.