■ In the Matter of ANANIAS W., a Person Alleged to be a Juvenile Delinquent, Appellant. [668 NYS2d 492] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Berman, J.), dated January 8, 1997, which, upon a fact-finding order of the same court, dated November 22, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree (four counts) and menacing in the third degree (two counts), adjudged him to be a juvenile delinquent and placed him on probation for a period of 15 months. The appeal brings up for review the fact-finding order dated November 22, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the Presentment Agency (*cf., People v Contes,* 60 NY2d 620; *see also, Matter of Stephanie F.,* 194 AD2d 789), it was legally sufficient to establish the appellant's guilt of four counts of assault in the third degree (*see,* Penal Law § 120.00 [1], [2]) and two counts of menacing in the third degree (*see,* Penal Law § 120.15). The Presentment Agency disproved the appellant's defense of justification beyond a reasonable doubt (*see, Matter of Ricardo W.,* 229 AD2d 546). Moreover, upon the exercise of our factual review power, we find that the court's findings of fact were not against the weight of the evidence (*cf.,* CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490). The Family Court's determination with respect to the credibility of the witnesses is entitled to great deference on appeal in light of its ability to see and hear the witnesses (*see, Matter of Stephanie F., supra; cf., People v Gaimari,* 176 NY 84, 94). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.