■ In the Matter of JAMES B., a Person Alleged to be a Juvenile Delinquent, Appellant. [692 NYS2d 417] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Fitzmaurice, J.), dated October 1, 1997, which, upon a fact-finding order of the same court, dated January 1, 1997, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of sodomy in the first degree, sexual abuse in the first degree, and sexual abuse in the second degree, adjudged him to be a juvenile delinquent and placed him with the New York State Division of Youth for a period of 18 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The trial court did not improvidently exercise its discretion in allowing the six-year-old complainant to testify as a sworn

witness, as he had " 'some conception' of the obligations of an oath and the consequences of giving false testimony" (*People v Parks,* 41 NY2d 36, 46, quoting *People v Washor,* 196 NY 104, 109). Although he gave perfunctory answers to the questioner's sometimes leading questions, his testimony, as a whole, demonstrated that he understood that he had a moral duty to tell the truth (*cf., People v Brill,* 245 AD2d 384; *People v Maldonado,* 199 AD2d 563; *People v Ranum,* 122 AD2d 959). He knew the difference between the truth and a lie, knew that he would be punished if he did not tell the truth, and stated that he would tell the truth in court.

Viewing the evidence in the light most favorable to the presentment agency (*cf., People v Contes,* 60 NY2d 620; *see, Matter of Stephanie F.,* 194 AD2d 789), we find that it was legally sufficient to support the fact-finding order. Resolutions of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf., People v Gaimari,* 176 NY 84, 94). Its determination should not be disturbed unless clearly unsupported by the record (*cf., People v Garafolo,* 44 AD2d 86, 88; *see, Matter of Stephanie F., supra*). Moreover, upon the exercise of our factual review power, we find that the finding of guilt was not against the weight of the evidence (*cf.,* CPL 470.15 [5]).

The appellant's remaining contentions are without merit. Ritter, J. P., Santucci, Luciano and H. Miller, JJ., concur.