In the Matter of CRYSTAL R., a Person Alleged to be a Juvenile Delinquent, Appellant. [781 NYS2d 656]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Crystal R. appeals from an order of disposition of the Family Court, Richmond County (McElrath, J.), dated June 25, 2003, which, after a hearing, and upon a fact-finding order of the same court dated April 7, 2003, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree (two counts), adjudged her to be a juvenile delinquent and placed her in the custody of the New York State Office of Children and Family Services for a period of 12 months with credit for time spent in detention. The appeal brings up for review the fact-finding order dated April 7, 2003.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months with credit for time spent in detention is dismissed as academic, as the period of placement has expired (*see Matter of Paul C.,* 5 AD3d 592 [2004]; *Matter of Shamasia M.,* 4 AD3d 359 [2004]); and it is further,

Ordered that the order of disposition is modified, on the law, by vacating the provision thereof adjudging the appellant to be a juvenile delinquent based upon the finding that she committed acts which, if committed by an adult, would have consti-

tuted the crime of assault in the third degree under Penal Law § 120.00 (3), and substituting therefor a provision dismissing the fourth count of the petition; as so modified, the order of disposition is affirmed insofar as reviewed, without costs or disbursements, and the fact-finding order is modified accordingly.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Stafford B.*, 187 AD2d 649, 650 [1992]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree under Penal Law § 120.00 (2). Resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Prahalad*, 295 AD2d 373 [2002]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]; *see also Matter of James B.*, 262 AD2d 480 [1999]; *Matter of Stephanie F.*, 194 AD2d 789 [1993]). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence (*cf.* CPL 470.15 [5]).

However, as the presentment agency correctly conceded, the fourth count of the petition which alleged that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree under Penal Law § 120.00 (3), should have been dismissed as inconsistent with the finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the third degree under Penal Law § 120.00 (2) (*see* CPL 300.40 [5]; *People v Finkelstein*, 144 AD2d 250 [1988]). Luciano, J.P., Mastro, Spolzino and Skelos, JJ., concur.