■ In the Matter of NIKSON D., a Person Alleged to be a Juvenile Delinquent, Appellant. [789 NYS2d 909]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated March 9, 2004, which, upon a fact-finding order of the same court (Gary, J.), dated December 19, 2003, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of petit larceny, criminal trespass in the third degree, and criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him with the Office of Children and Family Services for a period of 12 months without credit for time served. The appeal brings up for review the fact-finding order dated December 19, 2003.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Stafford B.*, 187 AD2d 649, 650 [1992]), we find that it was legally sufficient to support the fact-finding order. Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf. People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Joseph J.*, 205 AD2d 776, 777 [1994]; *Matter of Jermaine T.*, 150 AD2d 702 [1989]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf. CPL 470.15 [5]*).

The appellant was placed in detention before being adjudicated a juvenile delinquent. He now argues that the Family Court erred in failing to grant him any credit for the time he was in detention. The Family Court properly found that giving the appellant credit for the time he was in detention would not serve the best interests of the appellant or adequately protect the community (*see Matter of Brian E.*, 242 AD2d 720 [1997]; *Matter of Mack M.*, 175 AD2d 869 [1991]). H. Miller, J.P., Adams, Goldstein and Spolzino, JJ., concur.