◼ In the Matter of DAN H., a Person Alleged to be a Juvenile Delinquent, Appellant. [808 NYS2d 907]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Weinstein, J.), dated December 20, 2004, which, upon a fact-finding order of the same court dated September 10, 2004, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fourth degree and petit larceny, adjudged him to be a juvenile delinquent, and placed him with the Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated September 10, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fourth degree and petit larceny (*see* Penal

Law §§ 20.00, 155.25, 165.45 [2]; *Matter of Kadeem W.*, 5 NY3d 864 [2005]; *Matter of Nikson D.*, 15 AD3d 656 [2005]; *People v Mitchell*, 126 AD2d 754 [1987]). Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses. Its determination should not be disturbed unless clearly unsupported by the record (*see Matter of Jabari W.*, 18 AD3d 767 [2005]; *Matter of Nikson D., supra*). Upon the exercise of our factual review power, we are satisfied that the findings of fact are not against the weight of the evidence (*cf.* CPL 470.15 [5]). H. Miller, J.P., Mastro, Fisher and Lunn, JJ., concur.