■ In the Matter of ELVIS G., a Person Alleged to be a Juvenile Delinquent, Appellant. [812 NYS2d 878]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Hunt, J.), dated January 13, 2005, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fifth degree and petit larceny, and (2) an order of disposition of the same court dated February 8, 2005 which, upon the fact-finding order, adjudged him to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the appellant with the New York State Office of Children and Family Services for a period of 12 months, is dismissed, without costs or disbursements, as the period of placement has expired (*see Matter of Kristina R.*, 21 AD3d 560, 562 [2005], *lv denied* 5 NY3d 717 [2005]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *Matter of Canvas H.*, 14 AD3d 511 [2005]),we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of stolen property in the fifth degree under Penal Law § 165.40 and petit larceny under Penal Law § 155.25 (*see Matter of Nikson D.*, 15 AD3d 656 [2005]; *Matter of Isiah S.*, 15 AD3d 587 [2005]; *Matter of Shanita V.*, 7 AD3d 804 [2004]). Moreover, upon the exercise of our factual review power, we are satisfied

that the Family Court's fact-finding determination was not against the weight of the evidence (*cf.* CPL 470.15 [5]). Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.