■ In the Matter of TIFFANY D., a Person Alleged to be a Juvenile Delinquent, Appellant. [814 NYS2d 719]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (O'Donoghue, J.), dated May 20, 2005, which, upon a fact-finding order of the same court dated October 6, 2004, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of two years. The appeal brings up for review the fact-finding order dated October 6, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the pre-

sentment agency (*see Matter of David H.,* 69 NY2d 792 [1987]; *Matter of Dan H.,* 26 AD3d 438 [2006]; *cf. People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree (*see* Penal Law §§ 20.00, 110.00, 120.00 [1]). The appellant's accomplice punched the complainant in the face "eight or nine times," and the appellant kicked the complainant in the face during the incident. Under these circumstances, the evidence sufficiently established the appellant's intent to cause physical injury (*see* Penal Law §§ 20.00, 120.00 [1]; *Matter of Eric C.,* 281 AD2d 543 [2001]), as well as her attempt to commit the crime of assault in the third degree (*see* Penal Law §§ 110.00, 120.00 [1]; *People v Bracey,* 41 NY2d 296, 299-300 [1977]). Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily to be determined by the trier of fact, which saw and heard the witnesses. Its determination should not be disturbed unless clearly unsupported by the record (*see Matter of Jabari W.,* 18 AD3d 767 [2005]). Upon the exercise of our factual review power, we are satisfied that the findings of fact are not against the weight of the evidence (*cf.* CPL 470.15 [5]). Schmidt, J.P., Crane, Spolzino and Covello, JJ., concur.