In the Matter of ALEX R., a Person Alleged to be a Juvenile Delinquent, Appellant. [830 NYS2d 563]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the

appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated March 28, 2006, which, upon a fact-finding order of the same court dated October 21, 2005, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fifth degree, adjudged him to be a juvenile delinquent and placed him with the Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated October 21, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence with his "generalized" motion to dismiss (*People v Guerra,* 199 AD2d 412, 413 [1993]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of Dan H.,* 26 AD3d 438 [2006]; *cf. People v Lynch,* 95 NY2d 243, 247 [2000]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the fifth degree under Penal Law § 165.40 (*see* Penal Law § 165.55 [1]; *People v Baskerville,* 60 NY2d 374, 382 [1983]; *People v Martin,* 131 AD2d 884, 885 [1987]; *People v Masone,* 111 AD2d 189, 190 [1985]; *People v Leotta,* 104 AD2d 828 [1984]; *People v Elfe,* 37 AD2d 208, 213 [1971]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the trier of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*cf. People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *Matter of Lawrence A.,* 31 AD3d 440, 442 [2006]). Upon the exercise of our factual review power, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*cf. People v Romero, supra*). Crane, J.P., Rivera, Goldstein and Balkin, JJ., concur.