■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST CRAWFORD, Appellant. [832 NYS2d 254]—Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered July 21, 2004, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to establish guilt beyond a reasonable doubt and that the verdict was against the weight of the evidence. As an initial matter, the defendant's argument that the testimony of the People's witnesses was incredible as a matter of law, and therefore that the evidence was legally insufficient, is unpreserved for appellate review, as the defendant's motion to dismiss was based on a different argument (*see* CPL 470.05 [2]; *People v Dien*, 77 NY2d 885, 886 [1991]; *People v Udzinski*, 146 AD2d 245, 247 [1989]). In any event, this was not a case where "all of the evidence of guilt comes from a single prosecution witness who gives irreconcilable testimony pointing both to guilt and innocence . . . [where] the jury is left without basis, other than impermissible speculation, for its determination of either" (*People v Calabria*, 3 NY3d 80, 82 [2004] [internal quotation marks and citation omitted]). Rather, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), there existed a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Cahill*, 2 NY3d 14, 57 [2003], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*). Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.