In the Matter of KENYETTA F., Appellant. [855 NYS2d 170]—

The appellant approached the complainant on a city street and detained him with questions, thereby enabling other individuals to beat him and steal his property. During this incident, the appellant did nothing to intervene or summon help. She then fled with the attackers.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Jonathan D.,* 33 AD3d 996 [2006]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted robbery in the second degree and assault in the second degree on a theory of accomplice liability (*see* Penal Law § 160.10 [1]; § 120.05 [6]; § 20.00). The evidence of her conduct before, during, and after the acts established beyond a reasonable doubt that she acted in concert to commit the charged acts (*see Matter of Jonathan V.,* 43 AD3d 470 [2007]; *Matter of Justice G.,* 22 AD3d 368 [2005]; *Matter of Joseph J.,* 205 AD2d 777 [1994]; *Matter of Aida S.,* 189 AD2d 818, 819 [1993]). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The Family Court properly found that giving the appellant credit for the time she was in detention would not serve her best interests or adequately protect the community (*see* Family Court Act § 353.3 [5]; *Matter of Nikson D.,* 15 AD3d 656 [2005]; *Matter of Mack M.,* 175 AD2d 869 [1991]).

However, as the presentment agency currently concedes, the counts of conspiracy in the fifth degree and conspiracy in the sixth degree should have been dismissed as lesser-included offenses of conspiracy in the fourth degree (*see Matter of Jaleel H.,* 36 AD3d 808 [2007]).

The appellant's remaining contentions are without merit. Spolzino, J.P., Santucci, Angiolillo and Carni, JJ., concur.