■ In the Matter of Daqwan J., a Person Alleged to be a Juvenile Delinquent, Appellant. [868 NYS2d 896]—

Contrary to the appellant's contention, the Family Court providently exercised its discretion in placing him with the Office of Children and Family Services for a period of 18 months upon his admission that he violated a condition of his probation imposed in an order of disposition dated September 11, 2007. The Family Court has broad discretion in entering dispositional orders (*see* Family Ct Act § 141; *Matter of Felipe G.,* 34 AD3d 477 [2006]; *Matter of Neville G.,* 293 AD2d 471 [2002]). The record demonstrates that since October 2006 the appellant had violated a condition of his probation three times. The Family Court's determination reflected careful consideration of the less-restrictive alternatives to the appellant's placement and properly balanced the needs of the appellant and the need for the protection of the community (*see* Family Ct Act § 352.2 [2]). Moreover, as the appellant violated a condition of his probation imposed on September 11, 2007 he was no longer entitled to a dispositional hearing pursuant to Family Court Act § 360.3 (6) (*see Matter of Edwin L.,* 88 NY2d 593, 601 [1996]).

In addition, the Family Court properly exercised its discretion in declining to credit the appellant's detention time toward his placement under the dispositional order (*see* Family Ct Act § 353.3 [5]; *Matter of Kenyetta F.,* 49 AD3d 540, 541 [2008]; *Matter of Rashaad C.,* 28 AD3d 348, 348-349 [2006]; *Matter of Nikson D.,* 15 AD3d 656 [2005]).

The appellant's remaining contentions are without merit. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.