■ In the Matter of HARALAMBOS I., a Person Alleged to be a Juvenile Delinquent, Appellant. [883 NYS2d 717]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are (1) from a fact-finding order of the Family Court, Queens County (Lubow, J.), dated June 19, 2008, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, (2), as limited by the appellant's brief, from so much of an order of disposition of the same court dated July 3, 2008, as, upon the fact-finding order, adjudged the appellant to be a juvenile delinquent, (3) from an order of the same court dated September 25, 2008, which, after a separate hearing, remanded the appellant to the custody of the New York City Commissioner of Juvenile Justice for secure detention until October 3, 2008, and (4), as limited by the appellant's brief, so much of an order of the same court dated October 3, 2008, as, after the separate hearing, and upon finding that the appellant violated the terms and conditions of probation imposed by the order dated July 3, 2008 and placing him in the custody of the New York State Office of Children and Family Services for a period of 12 months, credited him only for a portion of the time that he spent in predisposition detention.

Ordered that the appeal from the fact-finding order dated June 19, 2008 is dismissed, without costs or disbursements, as that order was superseded by the order of disposition (*see Matter of Shanita V.*, 7 AD3d 804 [2004]); and it is further,

Ordered that the appeal from the order dated September 25, 2008 is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition dated July 3, 2008 and the order dated October 3, 2008, are affirmed insofar as appealed from, without costs or disbursements.

Viewing the evidence in the light most favorable to the Presentment Agency (*see Matter of David H.*, 69 NY2d 792 [1987]; *Matter of Tiffany D.*, 29 AD3d 693 [2006]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree (*see* Penal Law § 120.00 [1]; *Matter of Nikita P.*, 3 AD3d 499, 500 [2004]; *Matter of Anthony S.*, 305 AD2d 689 [2003]). Contrary to the appellant's contention, the evidence disproved his defense of justification beyond a reasonable doubt (*see Matter of Rosario S.*, 18 AD3d 563 [2005]; *Matter of Javier F.*, 16 AD3d 290 [2005]; *Matter of Canvas H.*, 14 AD3d 511 [2005]; *Matter of Stephanie G.*, 11 AD3d 689 [2004]). Moreover, upon our independent review of the record, we are satisfied that the determination was not against the weight of the evidence (*see Matter of Javier F.*, 16 AD3d 290 [2005]; *Matter of Stephanie G.*, 11 AD3d 689 [2004]).

The Family Court properly found that crediting the appellant for the entire amount of time that he spent in predisposition detention would not serve his best interests or adequately protect the community (*see* Family Ct Act § 353.3 [5]; *Matter of Daqwan J.*, 57 AD3d 780 [2008]; *Matter of Kenyetta F.*, 49 AD3d 540 [2008]; *Matter of Nikson D.*, 15 AD3d 656 [2005]).

The appeal from the order dated September 25, 2008 must be dismissed as academic, inasmuch as that order expired pursuant to its terms (*see Matter of Dominique R.*, 57 AD3d 550 [2008]). The appellant's contention regarding the presentment agency's potential filing of a new delinquency petition is not properly before this Court, since a new delinquency petition has not been filed. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.