*541 The court properly determined that the petition was timely (see Family Ct Act § 355.3 [2]). The petition was filed more than 60 days before the expiration of appellant’s period of placement, as adjusted for the 24 days that she was absent without authorization from her original nonsecure facility (see Executive Law § 510-b [7]). In any event, the court also properly determined that even if the petition was not timely, OCFS established good cause for an untimely filing. The good cause was not based entirely on events that had occurred before the expiration of the period of placement (compare Matter of Heriberto A., 198 AD2d 191 [1st Dept 1993]). Instead, OCFS relied on its own evaluation of appellant and her behavior, made after she was transferred to OCFS’s custody.
The petition was not barred by a prior unsuccessful extension petition filed by the Administration for Children’s Services. Regardless of whether the two agencies should be considered to be in privity, the court had discretion to permit a renewed petition based on additional information (see e.g. Garner v Latimer, 306 AD2d 209 [1st Dept 2003]), and appellant’s collateral estoppel argument is without merit. Concur — Tom, J.P., Sweeny, DeGrasse, Gische and Clark, JJ.