THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v O'NEIL WARD, Appellant. [992 NYS2d 571]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Morgenstern, J.), rendered March 7, 2012, convicting him of attempted assault in the third degree, menacing in the third degree, attempted criminal obstruction of breathing or blood circulation, and harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, since he failed to move for a trial order of dismissal based on the error he now claims (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gumbs*, 58 AD3d 641, 641 [2009]; *People v Crawford*, 38 AD3d 680, 681 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defend-

ant's guilt of attempted assault in the third degree (*see Matter of Tiffany D.*, 29 AD3d 693 [2006]; *Matter of Eric C.*, 281 AD2d 543, 544 [2001]), menacing in the third degree (*see People v Bracey*, 41 NY2d 296 [1977]; *Matter of Monay W.*, 33 AD3d 809 [2006]), attempted criminal obstruction of breathing or blood circulation (*see People v Wertman*, 114 AD3d 1279 [2014]; *People v Carte*, 113 AD3d 191 [2013]), and harassment in the second degree (*People v Rodriguez*, 111 AD3d 856 [2013]; *People v Mollaie*, 81 AD3d 1448 [2011]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Skelos, J.P., Hall, Duffy and Barros, JJ., concur.