■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SILVIO PEREZ, Appellant. [47 NYS3d 915]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (IDV Part) (Morgenstern, J.), rendered August 6, 2012, convicting him of attempted assault in the third degree, menacing in the third degree, and harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the verdict was not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the

light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]; *see People v Ward*, 120 AD3d 1440, 1440-1441 [2014]), menacing in the third degree (Penal Law § 120.15; *see Matter of Monay W.*, 33 AD3d 809, 810 [2006]), and harassment in the second degree (Penal Law § 240.26 [1]; *see People v Rodriguez*, 111 AD3d 856, 858 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]). Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.