Matter of Luis A. M.-V. (2023 NY Slip Op 02785)

Matter of Luis A. M.-V.

2023 NY Slip Op 02785

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2022-04082
 (Docket No. E-495-22)

[*1]In the Matter of Luis A. M.-V. (Anonymous), etc., appellant.

Andrew W. Szczesniak, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Luis A. M.-V. appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Michelle I. Schauer, J.), dated April 20, 2022. The order of fact-finding and disposition, insofar as appealed from, made upon the admission of Luis A. M.-V., upon finding that he committed an act which, if committed by an adult, would have constituted the crime of arson in the second degree, adjudicating him a juvenile delinquent, and placing him in the custody of the New York State Office of Children and Family Services for a period of 18 months, directed that the placement was without credit for time spent in detention during the pendency of the proceeding.
ORDERED that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The appellant's sole contention on appeal is that the Family Court improvidently exercised its discretion in denying him credit for the time he was in detention during the pendency of the juvenile delinquency proceeding. We disagree. Family Court Act § 353.3(5) requires that the period of a juvenile's placement be reduced by the amount of time spent by him or her in detention during the pendency of a juvenile delinquency proceeding "unless the court finds that all or part of such credit would not serve the needs and best interests of the [juvenile] or the need for protection of the community." Here, based on probation and mental health services reports, the court properly found that giving the appellant credit for the time that he spent in detention would not serve his best interests or adequately protect the community (see id.; Matter of Anthony C., 111 AD3d 621; Matter of Kenyetta F., 49 AD3d 540; Matter of Nikson D., 15 AD3d 656; Matter of Mack M., 175 AD2d 869).
DILLON, J.P., CONNOLLY, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court