■ In the Matter of STAFFORD B., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Lubow, J.), dated February 13, 1991, which upon a fact-finding order of the same court (Weinstein, J.), dated December 20, 1990, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, adjudged him

to be a juvenile delinquent and placed him on probation for a period of one year. The appeal brings up for review the fact-finding order dated December 20, 1990.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presenting agency *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the fact-finding order. Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of facts, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see generally, People v Garafolo,* 44 AD2d 86, 88; *see also, Matter of Jermaine T.,* 150 AD2d 702; *Matter of Michael D.,* 109 AD2d 633, *affd* 66 NY2d 843). Upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence *(cf.,* CPL 470.15 [5]). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.