OPINION OF THE COURT
 

 Smith, J.
 

 This appeal raises the issue of whether a juvenile delinquency petition is facially defective when the only supporting deposition containing factual allegations against the respondent has been sworn to by a child under 12 years without a prior judicial determination of the child’s competency as a witness. We affirm the order of the Appellate Division because we conclude that any alleged defect caused by the age of the person swearing to the supporting deposition is latent, not facial, and therefore dismissal of the petition for facial insufficiency is not required.
 

 Respondent was adjudicated a juvenile delinquent after Family Court found that he, while acting in concert with another, had committed acts which, if committed by an adult, would have constituted the crimes of sodomy in the first degree, sexual abuse in the first and second degrees, unlawful imprisonment in the first and second degrees, sexual misconduct and menacing. The petition alleged that respondent and another person had restrained the complainant, subjected her to sexual contact and forcibly engaged in deviate sexual intercourse. The petition was accompanied by a supporting deposition sworn to by the complainant in front of a notary public. The deposition also contained the statement that "false statements made herein are punishable as a class A misdemeanor or an act of juvenile delinquency”
 
 (cf.,
 
 CPL 100.30 [1] [d], [e]). The complainant’s mother also submitted a sworn statement stating complainant’s birth date.
 

 Prior to the fact-finding hearing, respondent made a motion seeking dismissal of the petition on the ground that the supporting deposition had been "sworn to” by a child under 12 years of age. Respondent contended that the complainant’s age rendered her presumptively incapable of submitting a state
 
 *362
 
 ment under oath absent a prior judicial determination of competency. Since the petition did not contain any statements indicating that a court had found complainant to be a competent witness, respondent argued that the supporting deposition did not conform with the requirements of the Family Court Act and should be dismissed.
 

 Family Court denied respondent’s motion to dismiss the petition and the matter proceeded to a fact-finding hearing. At the outset of the hearing, and prior to the taking of any testimony, a voir dire of the 11-year-old complaining witness was conducted. During the voir dire, the complainant stated that telling the truth was good and that telling a lie was bad. She also stated that telling a lie would be bad even if she didn’t get caught. The witness further stated that telling the truth to a Judge was more important than telling the truth to other people and that telling a lie in court would affect everyone "lied on.” After the conclusion of the voir dire, Family Court determined that the complainant should be sworn stating, "[s]he clearly knows the difference between telling the truth and telling a lie and I found that she appreciates the importance of telling the truth in court.”
 

 The complainant was the only witness to appear on behalf of the presentment agency at the fact-finding hearing. At the conclusion of the hearing, Family Court adjudicated respondent a juvenile delinquent. Family Court thereafter placed respondent with the Division of Youth for a period of three years with a minimum of 12 months in a secure facility and a minimum of 12 months in a residential facility. This Court granted respondent leave to appeal.
 

 Respondent contends that the petition should have been dismissed for facial insufficiency because it failed expressly to indicate that the 11-year-old complainant had been found by a court to be a competent witness before swearing to the supporting deposition.
 

 A petition is facially sufficient when "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent’s commission'thereof” (Family Ct Act § 311.2 [3]). "[N]onhearsay allegations contained in the supporting depositions of the petition must be sworn to satisfy the facial sufficiency requirements of the Family Court Act”
 
 (Matter of Neftali D.,
 
 85 NY2d 631, 635).
 

 The failure of a petition to state affirmatively that a witness under 12 years of age has been judicially determined competent
 
 *363
 
 to swear to a supporting deposition does not render the petition facially insufficient and therefore does not mandate dismissal
 
 (Matter of Edward B.,
 
 80 NY2d 458, 465). Respondent’s focus on the age of the complaining witness here, to the exclusion of all other factors, is misplaced. Although age is a relevant factor in determining the capacity of a person to make a statement under oath, the Family Court Act does not contain any age limitations or requirements for a witness swearing to a supporting deposition. Here, the notary’s signature attested to the fact that the complainant had sworn to the truth of her deposition. Thus, there is no indication on the face of the petition that it was not properly sworn to
 
 (cf.,
 
 Family Ct Act § 343.1 [2]). Since the petition here was
 
 facially
 
 valid, any defect in the petition relating to the capacity of the complaining witness to swear to the supporting deposition was latent and dismissal at the outset of the proceedings was not required.
 

 Accordingly, the order of the Appellate Division should be affirmed, without costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Levine, Ciparick and Wesley concur.
 

 Order affirmed, without costs.