■ In the Matter of CHRISTOPHER S., a Person Alleged to be a Juvenile Delinquent, Appellant. [661 NYS2d 522] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (De Phillips, J.), dated March 29, 1996, which, upon a fact-finding order of the same court, dated January 3, 1996, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, adjudged him to be a juvenile delinquent and placed him with the Division for Youth for a period of up to 18 months. The appeal brings up for review the fact-finding order dated January 3, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The lack of a judicial determination as to the competency of the complainant to take an oath prior to the execution of the petition did not warrant dismissal of the petition *(see, Matter of Nelson R.,* 90 NY2d 359; *Matter of Henry M.,* 194 AD2d 606).

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to support the conclusion that the appellant committed acts which, if done by an adult, would have constituted the crime of sexual abuse in the first degree *(see, e.g., Matter of Stafford B.,* 187 AD2d 649). "Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of facts, which saw and heard the witnesses" *(Matter of Stafford B., supra,* at 650). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, Matter of Stafford B., supra).* Upon the exercise of our factual review power, we are satisfied that the court's finding was not against the weight of the evidence.

The appellant's remaining contention is without merit. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.