■ In the Matter of NNENNYA P., a Person Alleged to be a Juvenile Delinquent, Appellant. [667 NYS2d 952] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3,

the appeal is from an order of disposition of the Family Court, Queens County (Freeman, J.), dated December 12, 1996, which, upon a fact-finding order of the same court, dated October 18, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would constitute the crimes of attempted robbery in the second degree, attempted robbery in the third degree, attempted grand larceny in the fourth degree, attempted petit larceny, attempted assault in the third degree, and menacing in the third degree, adjudged her to be a juvenile delinquent and placed her on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated October 18, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant contends that the court's findings of fact are against the weight of the evidence. In particular, the appellant contends that the victim's testimony was too "shaky" to establish her identity as the perpetrator of the acts in issue beyond a reasonable doubt, especially in light of the "credible" defense testimony. Resolution of issues of credibility, however, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see, Matter of Stafford B.*, 187 AD2d 649; *cf., People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Stafford B., supra; cf., People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the court's finding of guilt is not against the weight of the evidence (*cf.*, CPL 470.15 [5]). Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.