■ In the Matter of ERIK D., a Person Alleged to be a Juvenile Delinquent, Appellant. [669 NYS2d 854] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered July 25, 1996, which, upon a fact-finding order of the same court, dated June 28, 1996, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the first degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of up to two years under the intensive supervision of the Suffolk County Probation Department, and (2) a "corrected" order of disposition of the same court, entered September 6, 1996. The appeals bring up for review the fact-finding order dated June 28, 1996.

Ordered that the appeal from the order of disposition entered July 25, 1996, is dismissed, without costs or disbursements, as that order was superseded by the "corrected" order of disposition entered September 6, 1996; and it is further,

Ordered that the order of disposition entered September 6, 1996, is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to support the conclusion that the appellant committed an act which,

if done by an adult, would have constituted the crime of sexual abuse in the first degree (*see, Matter of Christopher S.,* 241 AD2d 498; *Matter of Stafford B.,* 187 AD2d 649). Moreover, "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of facts, which saw and heard the witnesses" (*Matter of Stafford B., supra,* at 650). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Stafford B., supra*). Upon the exercise of our factual review power, we are satisfied that the court's finding of fact was not against the weight of the evidence (*cf.,* CPL 470.15).

The appellant's remaining contention is without merit. Thompson, J. P., Pizzuto, Joy and Altman, JJ., concur.