■ In the Matter of ANTOINE L., a Person Alleged to be a Juvenile Delinquent, Appellant. [668 NYS2d 925] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated September 4, 1996, which, upon a fact-finding order of the same court, dated July 25, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of burglary in the second degree, burglary in the third degree, grand larceny in the fourth degree, criminal trespass in the second degree, criminal possession of stolen property in the fifth degree, and criminal trespass in the third degree, adjudged him to be a juvenile delinquent and placed him with the New York State Division for Youth for a period of 18 months. The appeal brings up for review the fact-finding order dated July 25, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the present agency (*see, Matter of David H.,* 69 NY2d 792, 793; *Matter*

*of Aulden M.,* 226 AD2d 536; *cf., People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to support the determination made in the fact-finding order. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses *(Matter of Kiheem T.,* 229 AD2d 545; *cf., People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, Matter of Derrick N.,* 228 AD2d 445; *Matter of Joseph J.,* 205 AD2d 776, 777; *Matter of Kwan M.,* 159 AD2d 707; *cf., People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence *(cf.,* CPL 470.15 [5]).

The Family Court did not improvidently exercise its discretion in denying the appellant's motion to sever his case from that of his correspondent *(see,* Family Ct Act § 311.3).

The appellant's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.