■ In the Matter of FRANK Z., a Person Alleged to be a Juvenile Delinquent, Appellant. [686 NYS2d 833] —In juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from two orders of disposition of the Family Court, Dutchess County (Pagones, J.), both dated February 25, 1997, which, upon fact-finding orders of the same court, both dated January 24, 1997, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of (1) attempted assault in the third degree and menacing in the third degree under Docket No. 274/96, and (2) criminal trespass in the third degree under Docket No. 275/96, adjudged him to be a juvenile delinquent and placed him on probation for a period of twelve months. The appeals bring up for review the fact-finding orders dated January 24, 1997.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presenting agency (see, *Matter of David H.,* 69 NY2d 792; *Matter of Haile B.,* 252 AD2d 497; *Matter of Marcel F.,* 233 AD2d 442; *Matter of Aulden M.,* 226 AD2d 536), we find that it was legally sufficient to prove beyond a reasonable doubt that the appel-

lant committed acts which, if committed by an adult, would have constituted the crimes of attempted assault in the third degree, menacing in the third degree, and criminal trespass in the third degree (*see,* Penal Law §§ 110.00, 120.00 [1]; §§ 120.15, 140.10 [d]). Resolution of issues of credibility, as well as the weight to be accorded the evidence, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see, Matter of Haile B., supra; Matter of Joseph J.,* 205 AD2d 776). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Nnennya P.,* 247 AD2d 476; *Matter of Stafford B.,* 187 AD2d 649). Upon the exercise of our factual review power, we are satisfied that the court's determinations were not against the weight of the evidence (*cf.,* CPL 470.15 [5]). Bracken, J. P., Sullivan, Altman and Friedmann, JJ., concur.