■ In the Matter of LORENZO M., a Person Alleged to be a Juvenile Delinquent, Appellant. [696 NYS2d 844] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated October 28, 1997, which, upon a fact-finding order of the same court, also dated October 28, 1997, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent and placed him with the Office of Children and Family Services for a period of 12 months. The appeal brings up for review the fact-finding order dated October 28, 1997.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt (*see, Matter of David H.,* 69 NY2d 792, 793; *Matter of Antoine L.,* 248 AD2d 472; Family Ct Act 342.2 [2]; *Matter of Clarence B.,* 265 AD2d 409 [decided herewith]). Additionally, "questions regarding the credibility of witnesses, as well as the weight of the evidence, are primarily matters to be resolved by the trier of fact. Its determination is accorded great deference as it had the opportunity to view the witnesses, hear their testimony, and observe their demeanor" (*Matter of Severn J.,* 250 AD2d 682, 683; *see, Matter of Antoine L., supra; Matter of Erik D.,* 248 AD2d 383). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.,* CPL 470.15 [5]). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.