In the Matter of JAQUAN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [722 NYS2d 420] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated August 26, 1999, which, upon a fact-finding order of the same court, dated July 9, 1999, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree and criminal possession of a weapon in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order and the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification testimony.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The presentment agency established that the police conduct was reasonable and that the photo array was not unduly suggestive (*see, People v Stephens,* 143 AD2d 692; *People v Price,* 256 AD2d 596; *People v Font,* 223 AD2d 600). In response, the appellant failed to demonstrate that the procedure was unduly suggestive (*see, People v Chipp,* 75 NY2d 327; *People v Rotunno,* 159 AD2d 601).

Viewing the evidence in the light most favorable to the presentment agency (*see, Matter of Adrian V.,* 242 AD2d 385; *cf., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree (*see,*

Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (*see,* Penal Law § 265.01 [2]). Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Lorenzo M.,* 265 AD2d 413). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see,* CPL 470.15 [5]). Altman, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.