■ In the Matter of KENNETH E. a Person Alleged to be a Juvenile Delinquent, Appellant. [739 NYS2d 833] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Friedman, J.), dated July 29, 1999, which, upon a fact-finding order of the same court, dated May 24, 1999, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the second degree, adjudged him to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated May 24, 1999.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of Stafford B., 187 AD2d 649; cf. People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt (see Matter of Hector R., 248 AD2d 390; Matter of Fred D., 226 AD2d 172; Matter of Darryl G., 184 AD2d 204). Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (see Matter of Nnennya P., 247 AD2d 476; cf. People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see Matter of Donnell T., 265 AD2d 330; Matter of Jeffrey C., 239 AD2d 413; Matter of Stafford B., supra). Upon the exercise of our factual review power, we are

satisfied that the Family Court's finding was not against the weight of the evidence (*cf*. CPL 470.15 [5]). Santucci, J.P., Krausman, Goldstein and Adams, JJ., concur.