■ In the Matter of MICHAEL T., a Person Alleged to be a Juvenile Delinquent, Appellant. [759 NYS2d 371] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) a fact-finding order of the Family Court, Queens County (Bogacz, J.), dated May 9, 2002, made after a hearing, finding that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of petit larceny and criminal possession of stolen property in the fifth degree, and (2) an order of disposition of the same court, dated October 17, 2002, which, upon the fact-finding order, adjudicated the appellant a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from the fact-finding order is

dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to support the determination made in the fact-finding order (*see Matter of Stafford B.,* 187 AD2d 649 [1992]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Dennis G.,* 294 AD2d 501 [2002]; *Matter of Stafford B., supra;* *cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Dennis G., supra; Matter of Stafford B., supra; cf. People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

Further, the appellant's contention that his right to a speedy trial was violated is without merit (*see* Family Ct Act § 340.1 [2]). The appellant waived his right to challenge the adjournments of the fact-finding hearing since he consented to the adjournments and he cannot now be heard to complain (*see Matter of Christopher Scott F.,* 264 AD2d 395 [1999]).

Additionally, the Family Court complied with the requirements of the Family Court Act by stating its findings in the written order (*see* Family Ct Act § 352.2 [2] [b]; [3]).

The appellant's remaining contentions are without merit. Santucci, J.P., Krausman, Schmidt and Townes, JJ., concur.