■ In the Matter of JAMES G., a Person Alleged to be a Juvenile Delinquent, Appellant. [766 NYS2d 100] —In two related

juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated June 25, 2001, which, upon two fact-finding orders of the same court, both dated February 6, 2001, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of sodomy in the first degree, sexual abuse in the first degree, sexual abuse in the second degree, sexual abuse in the third degree, and sexual misconduct under Docket No. E-10234/00, and sodomy in the first degree, attempted sodomy in the first degree, sexual abuse in the first degree, attempted sexual abuse in the first degree, sexual abuse in the second degree (two counts), sexual abuse in the third degree (two counts), sexual misconduct, and attempted sexual misconduct, under Docket No. E-10289/00, and upon a dispositional hearing, adjudged him to be a juvenile delinquent and placed him under restrictive placement with the New York State Office of Children and Family Services for a period of three years. The appeal brings up for review the fact-finding orders dated February 6, 2001.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to support the determinations made in the fact-finding orders (*see Matter of Stafford B.,* 187 AD2d 649, 650 [1992]; *cf. People v Contes,* 60 NY2d 620 [1983]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see Matter of Dennis G.,* 294 AD2d 501 [2002]; *Matter of Stafford B., supra; cf. People v Gaimari,* 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Dennis G., supra; Matter of Stafford B., supra; cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]).

The appellant's claim of ineffective assistance of counsel rests primarily on matter which is dehors the record and therefore, cannot be reviewed on direct appeal (*see People v Boyd,* 244 AD2d 497 [1997]). To the extent that we are able to review the claim of ineffective assistance of counsel, we find that the per-

formance of the appellant's assigned Law Guardian met the standard of meaningful representation (*cf. People v Henry,* 95 NY2d 563 [2000]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The appellant's remaining contentions are unpreserved for appellate review, and in any event, without merit. Smith, J.P., Crane, Mastro and Rivera, JJ., concur.