■ In the Matter of DANIEL J., a Person Alleged to be a Juvenile Delinquent, Appellant. [771 NYS2d 688]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Richmond County (McElrath, J.), dated September 25, 2002, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, attempted robbery in the second degree, grand larceny in the second degree, attempted grand larceny in the second degree, grand larceny in the fourth degree, and menacing in the second degree, and (2) an order of disposition of the same court dated February 11, 2003, which, upon the fact-finding order, adjudicated the appellant to be a juvenile delinquent and placed him with the New York State Office of Children and Family Services in a limited secure facility for a period of 18 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed the acts with which he was charged. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see Matter of Jeffery M.*, 309 AD2d 937, 938 [2003]; *Matter of Kenneth E.*, 293 AD2d 536 [2002]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Jeffery M., supra; Matter of Kenneth E., supra*). Upon the exercise of our factual review power, we are satisfied that the Family Court's findings of fact were not against the weight of the evidence (*cf. CPL 470.15 [5]*).

The Family Court properly exercised its discretion in ordering

the placement of the appellant in a limited secure facility, which was the least restrictive alternative (*see Matter of Katherine W.,* 62 NY2d 947, 948 [1984]). Ritter, J.P., Santucci, Adams and Crane, JJ., concur.