■ In the Matter of DAVID S., a Person Alleged to be a Juvenile Delinquent, Appellant. [775 NYS2d 353]—

In a juvenile delinquency proceeding pursuant to Family

Court Act article 3, the appeal is from an order of disposition of the Family Court, Suffolk County (Freundlich, J.), dated December 18, 2003, which, upon a fact-finding order of the same court, dated December 5, 2002, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of sodomy in the first degree, adjudicated him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for a period of one year. The appeal brings up for review the fact-finding order dated December 5, 2002.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of one year is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Wanji W.*, 305 AD2d 690 [2003]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Since there was no objection to the admission of the seven-year-old victim's unsworn testimony at the probable cause hearing, this issue is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, CPL 60.20 permits a court to accept unsworn testimony if a witness possesses the "intelligence or capacity to justify the reception of his evidence." The decision as to whether to admit unsworn testimony of a minor is made by the trial judge who views the witness's demeanor and presence of mind and may undertake inquiry to ascertain the witness's capacity and intelligence (*see People v Parks*, 41 NY2d 36 [1976]; *People v Nisoff*, 36 NY2d 560 [1975]). In this case, it was elicited that the witness knew the difference between truth and falsehood, that he would tell the truth, and that he understood the consequences of testifying falsely. We find no error in the court's decision to permit the complainant to testify as an unsworn witness at the probable cause hearing.

The hearing court providently exercised its discretion in allowing the complainant to testify as a sworn witness at the fact-finding hearing, as he understood the difference between truth and falsity, the legal and moral consequences of lying, and the importance of telling the truth at the proceeding (*see Matter of James B.*, 262 AD2d 480 [1999]; *Matter of Joseph C.*, 185 AD2d 883 [1992]). Furthermore, a hearing court's determination with respect to a witness's competency will not be disturbed unless clearly erroneous (*see People v Nisoff, supra; Matter of Joseph C., supra*).

The appellant's remaining contentions are without merit. Altman, J.P., Florio, Luciano and Mastro, JJ., concur.