■ In the Matter of DEVON H., a Person Alleged to be a Juvenile Delinquent, Appellant. [798 NYS2d 453]—In a juvenile delin-

quency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), entered July 13, 2004, which, upon a fact-finding order of the same court dated February 18, 2004, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted criminal possession of a weapon in the second degree, attempted criminal possession of a weapon in the third degree, and attempted unlawful possession of a weapon by persons under sixteen, adjudged him to be a juvenile delinquent and placed him with the Office of Children and Family Services for a period of three years. The appeal brings up for review the fact-finding order dated February 18, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to support the fact-finding order. Resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf. People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Stafford B.*, 187 AD2d 649, 650 [1992]; *cf. People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf. CPL 470.15 [5]*). Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.