■ In the Matter of DONNELL W., a Person Alleged to be a Juvenile Delinquent, Appellant. [797 NYS2d 312]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court,

Queens County (Hunt, J.), dated July 13, 2004, which, upon a fact-finding order of the same court dated June 9, 2004, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated June 9, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

We reject the appellant's contention that the Family Court's findings were against the weight of the evidence. Resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the Family Court, which saw and heard the witnesses (*see Matter of Jean C.*, 12 AD3d 440, 441 [2003]; *Matter of Frank Z.*, 259 AD2d 705, 706 [1999]; *Matter of Tyrell A.*, 249 AD2d 467, 468 [1998]; *Matter of Nnennya P.*, 247 AD2d 476, 477 [1998]; *cf. People v Gaimari*, 176 NY 84, 94 [1903]). Its determinations should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). S. Miller, J.P., Luciano, Crane and Lifson, JJ., concur.