■ In the Matter of Shamel J. E., a Person Alleged to be a Juvenile Delinquent, Appellant. [810 NYS2d 353]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Dutchess County (Sammarco, J.), dated April 6, 2004, which, upon a fact-finding order dated December 11, 2003, made after a hearing, finding that the appellant had committed the crime of unlawful possession of weapons by persons under 16 and an act which, if committed by an adult, would have constituted the crime of menacing in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of one year.

Ordered that the appeal from so much of the order of disposition as placed the appellant on probation for a period of one year is dismissed as academic, without costs or disbursements, as the period of probation has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Viewing the evidence adduced at the fact-finding hearing in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed the crime of unlawful possession of weapons by persons under 16 and an act which, if committed by an adult, would have constituted the crime of menacing in the second degree (*see Matter of Jamie D.,* 59 NY2d 589, 593 [1983]).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions

to be determined by the trier of fact, which saw and heard the witnesses (*cf. People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Stafford B.,* 187 AD2d 649, 650 [1992]; *cf. People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.