■ In the Matter of ROBERT D., a Person Alleged to be a Juvenile Delinquent, Appellant. [818 NYS2d 106]—In two related juvenile delinquency proceedings pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated July 14, 2004, which, after a fact-finding hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree, attempted grand larceny in the fourth degree, and unlawful imprisonment in the second degree, under docket No. D-8065/04, (2) an order of disposition of the same court dated December 13, 2004, which, upon the fact-finding order, adjudged him to be a juvenile delinquent and placed him on probation with the "Probation Department of the County of Queens" for a period of 18 months, under docket No. D-8065/04, (3) a fact-finding order of the same court also dated July 14, 2004, which, after a fact-finding hearing, found that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree, and attempted grand larceny in the fourth degree, under docket No. D-8075/04, and (4) an order of disposition of the same court also dated December 13, 2004, which, upon the fact-finding order, adjudged him to be a juvenile delinquent and placed him on probation with the "Probation Department of the County of Queens" for a period of 18 months, under docket No. D-8075/04.

Ordered that the appeals from the fact-finding orders are dismissed, without costs or disbursements, as those orders were superseded by the orders of disposition; and it is further,

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the first degree, attempted robbery in the second degree, and attempted grand larceny in the fourth degree under docket No. D-8075/04, and attempted robbery in the first degree, attempted robbery in the second degree, attempted grand larceny in the fourth degree, and unlawful imprisonment in the second degree under docket No. D-8065/04 (*see Matter of Stafford B.*, 187 AD2d 649 [1992]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf. People v Gaimari*, 176 NY 84 [1903]; *see Matter of Dennis G.*, 294 AD2d 501 [2002]; *Matter of Stafford B., supra*). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see Matter of Dennis G., supra; Matter of Stafford B., supra; cf. People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Florio, J.P., Adams, Santucci and Lunn, JJ., concur.