[828 NYS2d 160]

In the Matter of JERMAINE G., Respondent. PRESENTMENT AGENCY, Appellant.

Second Department, January 9, 2007

### APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel*, New York City (*Barry P. Schwartz* and *Deborah A. Brenner* of counsel), for appellant.

*Steven Banks*, New York City (*Tamara A. Steckler* and *Daniel Greenbaum* of counsel), for respondent.

### OPINION OF THE COURT

RITTER, J.P.

The presentment agency filed a petition pursuant to Family Court Act article 3 to have the respondent, 11-year-old Jermaine G., adjudged to be a juvenile delinquent. The petition alleged that the respondent committed acts which, if committed by an adult, would constitute the crimes of criminal sexual act in the first degree (oral) (*see* Penal Law § 130.50 [3]), criminal sexual act in the first degree (anal) (*see* Penal Law § 130.50 [3]), and two counts of sexual abuse in the first degree (*see* Penal Law § 130.65 [3]), in that he subjected a child less than 11 years old to sexual contact. Two supporting depositions were annexed to the petition. The first was the statement of the five-year-old alleged victim. The body of the statement reads:

> "Jermaine is my cousin. On the last day that Jermaine lived in the apartment with my family, Jermaine put his pee pee (indicating penis) in my mouth. Jermaine put his pee pee inside of my boom boom (indicating buttocks). It hurt when Jermaine did this to me. My mom walked into the room and Jermaine ran inside his bedroom.

> "Jermaine did this to me many times, definitely more than two times since he moved into our apartment."

The alleged victim's statement did not recite that any false statements therein were punishable as a misdemeanor or otherwise. Further, the jurat does not indicate that the statement was "sworn to." Rather, it reads, "Said to before me this 9th day of August, 2004."

The second supporting deposition was the sworn statement of the alleged victim's mother, who averred:

> "Jermaine G[.] is my nephew. Jermaine came to live with me at the above address in May 2004. Shortly after Jermaine came to live with me in May, I walked into the living room (in the evening) and observed [my son] with his head on Jeramaine's [*sic*] lap. When I walked into the room [my son] jumped up.
>
> "On July 26, 2004 I walked into the living room and I observed [my son] with his shorts and underpants down with his penis exposed. I observed [my son] laying on the couch pulling up his shorts. I observed Jermaine's underwear on the couch next to where [my son] was laying. I went into Jermaine's bedroom and observed Jermaine pulling up his shorts.
>
> "I asked [my son] what happened. [My son] told me in sum and substance 'Jermaine told me to turn round and he pulled my pants down. Jermaine kissed me on the back of my neck and put his pee pee in my boom boom.' 'Pee-pee' is the word [my son] uses for penis and 'boom boom' is the word he uses for buttocks. [My son] stated in sum and substance 'Jermaine does this to me all of the time.' "

After written and oral confessions by Jermaine G. were suppressed, he moved to dismiss the petition. He argued that the petition was facially insufficient because it was not supported by sworn nonhearsay allegations of fact sufficient to establish every element of the offenses charged, to wit: The alleged victim's statement, although sufficient, was not sworn to, and the mother's statement, although sworn to, did not establish every element of the offenses charged.

In opposition, the presentment agency argued that evidence set forth in the supporting depositions, if presented at a criminal trial, would be legally sufficient to prove guilt beyond a reasonable doubt because the unsworn testimony of the child victim was corroborated by the sworn testimony of the mother, whose testimony tended to establish the crimes charged and that the respondent committed them (*see People v Groff*, 71 NY2d 101, 109 [1987]). The presentment agency argued that it would be an absurd result to require the allegations of a juvenile delin-

quency petition to meet a greater standard of proof than would be required to prove guilt beyond a reasonable doubt at a criminal trial.

The Family Court granted the Law Guardian's motion and dismissed the petition as facially insufficient. The court noted that the child victim's statement was not sworn and determined that the mother's sworn statement did not establish each and every element of the crimes set forth in the petition. We reverse and reinstate the petition.

A juvenile delinquency petition is sufficient on its face when it substantially conforms to the requirements as to content prescribed in Family Court Act § 311.1, and:

> "2. the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged; and

> "3. non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof." (Family Ct Act § 311.2.)

Although not required by the express language of statute, the Court of Appeals has held that the nonhearsay factual allegations must be sworn to satisfy the facial sufficiency requirement of the Family Court Act (see Matter of Neftali D., 85 NY2d 631, 635 [1995]). The Court reasoned as follows:

> "The sufficiency requirements set forth in Family Court Act § 311.2 are not simply technical pleading requirements but are designed to ensure substantive due process protection to an alleged juvenile delinquent, who can be arrested and deprived of liberty based on the petition. Like a criminal information, the juvenile delinquency petition is the sole instrument for the commencement, prosecution and adjudication of the juvenile delinquency proceeding and, therefore, must comport with the statutory jurisdictional requisites of the Family Court Act." (Matter of Neftali D., supra at 634-635 [citations omitted].)

The Court continued:

> "A sworn recital that the factual allegations are ac-

curate is particularly significant in the context of a delinquency petition not only because it is the sole accusatory instrument used to prosecute the juvenile but, also because there is no independent prior review of the evidence by a Grand Jury-like body. In this regard, we have applied a stringent test when construing challenges to the facial sufficiency of a juvenile delinquency petition to assure that there is a valid and documented basis for subjecting the juvenile to prosecution." (*Matter of Neftali D., supra* at 636 [citations omitted].)

"A verification attesting to the truth of the contents of a document on penalty of perjury is of the same effect as a testimonial oath, which at once alerts a witness to the moral duty to testify truthfully and establishes a legal basis for a perjury prosecution" (*id*. at 635-636). Such a verification "is intended to assure a measure of reliability regarding the contents of the petition" (*id*. at 636). "A witness understands the nature of an oath if he or she appreciates the difference between truth and falsehood, the necessity for telling the truth, and the fact that a witness who testifies falsely may be punished" (CPL 60.20 [2]).

Applying this requirement where, as here, a child is the only party who can provide the required nonhearsay factual allegations in support of a juvenile delinquency petition, which is often the case in petitions involving allegations of sexual misconduct, presents distinct problems. First, a child under the age of nine is presumed incompetent to testify under oath and may not do so unless the court determines that the child understands the nature of an oath (*see* CPL 60.20). Further, even if false testimony is given under oath, a child under the age of 16 cannot be subjected to criminal liability for perjury (*see* Penal Law § 30.00). A child seven years old or younger cannot even be adjudicated a juvenile delinquent (*see* Family Ct Act § 301.2 [1]). Thus, at least one purpose served by sworn testimony—to establish a basis to impose punishment for a false statement—will be illusory in many juvenile delinquency proceedings involving child witnesses. However, this does not necessarily mean that the purposes underlying the requirement of sworn testimony will not otherwise be satisfied when a child witness is involved. Common experience suggests that the very nature of the proceedings giving rise to a juvenile delinquency petition (e.g., the giving of a formal statement, the participation of various official agencies, etc.) will be sufficient to impress upon most children the moral duty to testify truthfully and to

alert them to the fact that consequences will ensue if they do not. Concomitantly, this does not mean that the presentation of a sworn statement from a child witness is irrelevant to a determination as to the facial sufficiency of a juvenile delinquency petition. To the contrary, in *Matter of Nelson R.* (90 NY2d 359 [1997]), the Court of Appeals held that the sworn nonhearsay factual statement of a child witness was sufficient to satisfy the facial sufficiency requirement of a juvenile delinquency petition even in the absence of a determination or representation that the child was competent to provide the same.

In *Matter of Nelson R.* (*supra*), the only supporting deposition setting forth nonhearsay factual allegations against the respondent juvenile was from a child less than 12 years old. (At the time *Matter of Nelson R.* was decided, this was below the age of presumed competence to give sworn testimony [*see* L 2000, ch 1, § 11; CPL 60.20].) The deposition was "sworn to" before a notary and recited that, "false statements made herein are punishable as a class A misdemeanor or an act of juvenile delinquency" (*Matter of Nelson R., supra* at 361). The respondent argued that these recitations were not controlling in the absence of a representation that there had been a judicial determination that the child complainant in fact understood the nature of an oath. In upholding the facial sufficiency of the petition, the *Nelson R.* court held:

> "The failure of a petition to state affirmatively that a witness under 12 years of age has been judicially determined competent to swear to a supporting deposition does not render the petition facially insufficient and therefore does not mandate dismissal. Respondent's focus on the age of the complaining witness here, to the exclusion of all other factors, is misplaced. Although age is a relevant factor in determining the capacity of a person to make a statement under oath, the Family Court Act does not contain any age limitations or requirements for a witness swearing to a supporting deposition. Here, the notary's signature attested to the fact that the complainant had sworn to the truth of her deposition. Thus, there is no indication on the face of the petition that it was not properly sworn to (*cf.*, Family Ct Act § 343.1 [2]). Since the petition here was *facially* valid, any defect in the petition relating to the capacity of the complaining witness to swear to

the supporting deposition was latent and dismissal at the outset of the proceedings was not required." (*Matter of Nelson R., supra* at 362-363 [citations omitted].)

Thus, here, the petition would have been facially sufficient under *Matter of Nelson R.* if the jurat on the alleged child victim's supporting deposition had read "sworn to" rather than "[s]aid to," and/or had there been a recitation in the statement that false statements therein were punishable as a misdemeanor or otherwise. This is true regardless of whether it was ultimately determined that the alleged child victim was competent to give sworn testimony, and/or the fact that he could not have been charged criminally or even adjudicated a juvenile delinquent for making a false statement. However, in light of the discussion, supra, we do not read *Matter of Nelson R.* as holding that there is a talismanic power to the form of the jurat or the recitations within a statement by a child witness such that the absence of the identified language is in all cases fatal to a finding that a juvenile delinquency petition is facially sufficient. Rather, the critical test identified by the case law is whether the petition and supporting documents provide assurance both that there is a valid and documented basis for subjecting a juvenile to prosecution, and that there is a measure of reliability regarding the contents of a petition. Here, the formal, notarized written statement of the child victim, although not sworn, in conjunction with the mother's sworn statement corroborating various aspects of the child's allegations, was sufficient to provide both a valid and documented basis for subjecting Jermaine G. to prosecution, and a measure of reliability regarding the contents of a petition. Thus, the petition should not have been dismissed as facially insufficient.

Finally, we note that dismissal of the petition here, prior to a judicial determination of the allegations, would result in not only a grievous harm to the victim, but also, potentially to the accused as well; who, if the allegations are proved true, is in need of professional intervention and help. "The overriding intent of the juvenile delinquency article is to empower [the] Family Court to intervene and positively impact the lives of troubled young people while protecting the public" (*Matter of Robert J.*, 2 NY3d 339, 346 [2004]). We perceive no compelling countervailing benefit to be obtained from dismissing the petition at this juncture that would warrant such a result.

Accordingly, the order should be reversed, on the law, without costs or disbursements, the motion to dismiss the petition as

facially insufficient should be denied, and the petition should be reinstated.

KRAUSMAN, FLORIO and COVELLO, JJ., concur.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion to dismiss the petition as facially insufficient is denied, and the petition is reinstated.