■ In the Matter of MELVIN L., Appellant. [841 NYS2d 657]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated May 19, 2006, which, upon a fact-finding order of the same court dated

March 21, 2006, made after a hearing, finding that the appellant had committed an act, which, if committed by an adult, would have constituted the crimes of criminal sexual act and sexual misconduct, adjudged him to be a juvenile delinquent and placed him on probation for a period of two years. The appeal brings up for review the fact-finding order dated March 21, 2006.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court providently exercised its discretion in allowing the eight-year-old complainant to testify as a sworn witness at the fact-finding hearing, as he understood the difference between truth and falsity, the legal and moral consequences of lying, and the importance of telling the truth at the proceeding (*see Matter of Marquis M.*, 1 AD3d 515, 516 [2003]; *Matter of James B.*, 262 AD2d 480, 481 [1999]). Furthermore, a hearing court's determination with respect to a witness's competence will not be disturbed unless clearly erroneous (*see Matter of Marquis M., supra*). The complainant understood the meaning of the word "oath", and that making a promise to a judge was a bigger promise than an ordinary promise. His testimony, as a whole, demonstrated that he understood that he had a moral duty to tell the truth (*see Matter of James B., supra; see also Matter of Jermaine G.*, 38 AD3d 105, 109-110 [2007]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Marquis M., supra; cf. People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to support the determination made in the fact-finding order dated March 21, 2006. Moreover, resolution of issues of credibility is primarily a matter to be determined by the trier of fact, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see Matter of Marquis M., supra; cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf. People v Romero, supra*).

The appellant's remaining contention is without merit. Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.