In the Matter of ELI N., Appellant. [888 NYS2d 591]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Richmond County (McElrath, J.), dated August 14, 2008, which, upon a fact-finding order of the same court dated April 22, 2008, made after a hearing, finding that the appellant had committed an act, which, if committed by an adult, would have constituted the crime of criminal sexual act in the first degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated April 22, 2008.

Ordered that the order of disposition is affirmed, without costs or disbursements.

A hearing court's determination with respect to a witness's competency will not be disturbed unless clearly erroneous (*see Matter of Donnell W.*, 20 AD3d 431, 432 [2005]; *Matter of David S.*, 6 AD3d 539 [2004]; *Matter of Marquis M.*, 1 AD3d 515 [2003]). The Family Court here properly allowed the seven-year-

old complainant to testify as a sworn witness at the fact-finding hearing, as she understood the difference between truth and falsity, the legal and moral consequences of lying, and the importance of telling the truth at the proceeding (*see Matter of Melvin L.,* 43 AD3d 924 [2007]; *Matter of David S.,* 6 AD3d 539, 540 [2004]; *Matter of Marquis M.,* 1 AD3d 515, 516 [2003]; *Matter of James B.,* 262 AD2d 480, 481 [1999]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]; *Matter of Marquis M.,* 1 AD3d 515 [2003]; *cf. People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of criminal sexual act in the first degree under Penal Law § 130.50.

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Hasan C.,* 59 AD3d 617, 617-618 [2009]; *Matter of Tanasia Elanie E.,* 49 AD3d 642 [2008]; *cf.* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.,* 51 AD3d 933, 933-934 [2008]; *cf. People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero,* 7 NY3d 633 [2006]). Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.