# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**709**

**CAF 12-00202**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF CHRISTOPHER W.,
RESPONDENT-RESPONDENT.                    MEMORANDUM AND ORDER
----------------------------------------
ERIE COUNTY ATTORNEY, PETITIONER-APPELLANT.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (MICHAEL J. LISZEWSKI OF COUNSEL), FOR PETITIONER-APPELLANT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered April 5, 2011 in a proceeding pursuant to Family Court Act article 3.  The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the petition is reinstated.

Memorandum:  In this juvenile delinquency proceeding pursuant to Family Court Act article 3, petitioner appeals from an order granting respondent's motion to dismiss the petition.  We agree with petitioner that Family Court erred in granting respondent's motion to dismiss the petition as facially insufficient based on the court's finding that the alleged victim, an infant, was unable to give sworn testimony (*see* § 343.1 [2]).  A delinquency petition is facially sufficient provided that the nonhearsay allegations "of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (§ 311.2 [3]; *see Matter of Nelson R.*, 90 NY2d 359, 362).

Here, the nonhearsay allegations in the victim's supporting deposition, if true, establish that respondent subjected her to sexual contact by touching her vagina when she was three years old.  The petition is therefore facially sufficient to allege that respondent committed acts that, if committed by an adult, constitute the crime of sexual abuse in the first degree (*see* Penal Law § 130.65 [3]).  The fact that the alleged victim is unable to give sworn testimony is a latent defect that does not affect the facial sufficiency of the petition (*see Nelson R.*, 90 NY2d at 361; *Matter of Edward B.*, 80 NY2d 458, 464; *Matter of Jermaine G.*, 38 AD3d 105, 109-110).  Contrary to the further contention of respondent, the court's determination that the alleged victim "cannot understand the nature of the oath and therefore cannot provide the Court with sworn testimony" does not

amount to an implicit determination that she does not have "sufficient intelligence and capacity" to provide unsworn testimony (Family Ct Act § 343.1 [2]).