In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Kenny I. appeals from an order of disposition of the Family Court, Queens County (Bogacz, J„), dated February 14, 2013, which, upon a fact-finding order of the same court dated November 29, 2012, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crime of criminal sexual act in the first degree (two counts), adjudged him to be a juvenile delinquent and placed *829 him on probation for a period of 18 months. The appeal brings up for review the fact-finding order dated November 29, 2012.
Ordered that the order of disposition is affirmed, without costs or disbursements.
Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]; Matter of Starsha R., 96 AD3d 952, 952 [2012]; Matter of Ashley P., 74 AD3d 1075, 1075-1076 [2010]; Matter of Eddie J., 68 AD3d 870, 870 [2009]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts, which, if committed by an adult, would have constituted the crime of criminal sexual act in the first degree (two counts) (see Penal Law § 130.50 [3]; Matter of Travis A., 105 AD3d 1041, 1041-1042 [2013]; Matter of Eli N., 67 AD3d 802, 803 [2009]; Matter of Xavier-Jamaal H., 51 AD3d 922, 922 [2008]; Matter of Oliver C., 48 AD3d 682, 682 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see Matter of Danielle B., 94 AD3d 757, 758 [2012]; Matter of Quamel D., 78 AD3d 1050, 1051-1052 [2010]; cf. CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see Matter of Danielle B., 94 AD3d at 758; Matter of Kalexis R., 85 AD3d 927, 928-929 [2011]; Matter of Macye Mc., 82 AD3d 892, 894 [2011]; Matter of Darnell C., 66 AD3d 771, 772 [2009]; cf. People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court’s fact-finding determination was not against the weight of the evidence (see Family Ct Act § 342.2 [2]; Penal Law § 130.50 [3]; Matter of Travis A., 105 AD3d at 1042; Matter of Eli N., 67 AD3d at 803; Matter of Xavier-Jamaal H., 51 AD3d at 922; Matter of Oliver C., 48 AD3d at 682; cf. People v Romero, 7 NY3d 633 [2006]). Skelos, J.B, Dickerson, Cohen and Hinds-Radix, JJ., concur.